UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-345-GWU

PAUL E. REYNOLDS, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Paul Reynolds brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Reynolds, a 42 year-old former coal miner, sheet rock worker, construction worker and security guard with a "limited" education, suffered from impairments related to hypertension, reflex sympathetic dystrophy of the left, non-dominant hand with contractures of the fingers, tachycardia, major depression, anxiety, a pain disorder, and lesion of the right eye with decreased visual acuity. (Tr. 21, 24). While the plaintiff was found to be unable to return to any of his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of DIB. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Reynolds argues that the ALJ erred in rejecting the opinion of Dr. Marguerite Mueller, a treating source. Dr. Mueller opined that the plaintiff would be limited to sitting for no more than one hour, standing for no more than 30 to 45 minutes, would have a need to avoid stooping, squatting, pushing, pulling, crawling, have a limited ability to balance, and be unable to lift or carry significant weight with the left arm. (Tr. 254). The hypothetical question presented to Vocational Expert Jackie Rogers did not include the limitations concerning sitting, standing, pushing, pulling, and balancing identified by Dr. Mueller. (Tr. 574-575). These would appear to be significant limitations which could have a major effect on one's ability to engage in work activities.

In addressing the aforementioned limitations issued by Dr. Mueller on July 15, 2004, the ALJ referred to her as "Stacy Mueller, PSC" and stated that this person was not to be confused with Dr. Marguerite Mueller. (Tr. 20). The ALJ rejected this opinion in large part because "Stacy Mueller" was not an "acceptable medical source." (Id.). However, it was the ALJ who was confused, somehow

8

corrupting the name of Dr. Mueller's medical practice--Staley-Mueller PSC--into "Stacy Mueller," a source who does not exist and had no role in this case. The letter in question was signed Marguerite Mueller, M.D. (Tr. 254). Thus, the ALJ's finding that these restrictions were not those of an "acceptable medical source" is clearly erroneous.

As previously noted, Dr. Marguerite Mueller is not just an "acceptable medical source" but is also clearly a treating physician, having provided treatment to Reynolds on numerous occasions since February of 2004. (Tr. 250-288, 430-477, 489-490). The administrative regulations at 20 C.F.R. Section 404.1527(d)(2) require an ALJ to state the reasons for rejecting the opinion of a treating source. The failure of the agency to follow its own procedural regulations can constitute reversible error. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). While conceding that the ALJ's rejection of Dr. Mueller's restrictions because "Stacy Mueller" was not "an acceptable source" was erroneous, the defendant asserts that the ALJ cited two other reasons for rejecting this opinion and maintains that these are sufficient to meet the requirements of Wilson and the federal regulations.

One of the other reasons cited by the ALJ in rejecting Dr. Mueller's limitations was that the physician indicated that Reynolds had not yet reached maximum medical improvement. (Tr. 20). The defendant notes that social security disability

9

benefits can only be awarded for conditions which are expected to last for at least one year or are expected to result in death. 20 C.F.R. 404.1505(a). Since improvement was to be expected, this opinion would not be binding. The defendant further cites the findings of Dr. Mark Burns on August 27, 2005 that such expected improvement did occur. (Tr. 478-488). However, while Dr. Mueller certainly indicated that improvement could be expected, she also stated that the functional limitations she cited would be applicable for at least 12 months. (Tr. 254). Thus, these limitations would meet the durational requirement of the administrative regulations and could provide the basis for at least a closed period of benefits. The modest findings issued by Dr. Burns on August, 27, 2005 are dated more than 13 months after Dr. Mueller's July 15, 2004 restrictions and, so, are not necessarily inconsistent. Furthermore, Dr. Mueller herself reviewed Dr. Burns' report and noted a number of inconsistencies between his physical examination observations and cited functional limitations. (Tr. 489). Therefore, under these circumstances, the Court finds that this second reason for rejecting Dr. Mueller's opinion is also not well-supported.

Finally, the defendant notes that Dr. Mueller's restrictions do not appear to be well-supported in the record because the physician attributes sitting and standing limitations to a left upper extremity injury. (Tr. 20). However, the plaintiff was diagnosed to be suffering from Reflex Sympathetic Dystrophy (RSD), which the ALJ

found was one of his severe impairments.  According to information from the Reflex Sympathetic Dystrophy Research Foundation which was submitted into evidence by the claimant, RSD symptoms can spread to other body parts which were not the site of the original injury.  (Tr. 112-113).  Therefore, this impairment apparently could cause the type of restrictions identified by Dr. Mueller.  In addition, Dr. Mueller's September 15, 2005 letter noted that she had not seen him walk within the last two years without a cane and that she had witnessed frequent falls when the plaintiff did not know she was watching him.  (Tr. 489).  Therefore, the Court must also find this reason for rejecting Dr. Mueller's opinion not to be well-supported.  Therefore, a remand of the action for further consideration of Dr. Mueller's limitations is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of November, 2007.



**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**